HARRY HATTEN v. THE STATE.

No. 8471.    Decided June 4, 1924.

Rehearing denied June 27, 1924.

**1.—Rape—Force—Statutory Rape—Rule Stated.**

Even though the allegation be of a statutory rape the State is entitled to show that the rape was by force, and the evidence being sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Rehearing—Sufficiency of the Evidence.**

Where, upon trial of statutory rape, the evidence is sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Fort Bend.   Tried below before the Honorable M. S. Munson.

Appeal from a conviction of statutory rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Fort Bend County of rape, and his punishment fixed at five years in the penitentiary.

The facts amply support the verdict. There are four bills of exception in the record, Nos. 1 and 2 complaining of the admission of proof to show that the alleged rape was committed by force, and that the court refused to strike out testimony to that effect, and Nos. 3 and 4 complaining of the testimony of physicians to the inflamed and lacerated condition in which they found the private parts of prosecutrix, after the alleged rape. Authorities will be found collated by Mr. Branch at page 995 of his Annotated P. C. supporting the proposition that even though the allegation be of a statutory rape, the State is entitled to show that the rape was by force. These authorities cover the contention made by appellant in each of the bills of exception and negative the claim of injury or that there was error in the admission of the testimony complained of.

The evidence supporting the judgment and no error appearing, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 27, 1924.

LATTIMORE, Judge.—Appellant files a motion for rehearing based almost entirely upon the proposition that the evidence is not sufficient to support the jury's verdict, and in view of his insistence we have again gone over the facts. The alleged injured female was between thirteen and fourteen years of age and she not only testified positively that appellant had intercourse with her but is strongly corroborated by her mother and the physicians who examined her shortly thereafter. The suggestion contained in questions of appellant to the witnesses upon the trial that a cousin of prosecutrix was the author of her condition, seem in nowise supported by the facts. It was in testimony that the cousin was present at the courthouse at the time of the trial but no effort was made by appellant to use him as a witness or to ascertain from him facts which might support this contention in appellant's behalf. It is true the parties are negroes but they appear to give testimony in every way worthy of belief.

The motion for rehearing will be overruled.

*Overruled.*